IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| NANCY WARD,[1] | § |
| | § No. 256, 2023 |
| Respondent Below, | § |
| Appellant, | § Court Below—Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CK14-02158 |
| DAVID TAYLOR, | § Petition Nos. 22-12977 |
| | § 22-13865 |
| Petitioner Below, | § |
| Appellee. | § |

Submitted: December 8, 2023
Decided: February 15, 2024

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

Upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The appellant, Nancy Ward ("Mother"), filed this appeal from a Family Court order, dated July 6, 2023, granting petitions for a rule to show cause and modification of custody filed by the appellee, David Taylor ("Father"). We find no merit to Mother's appeal, and we therefore affirm the Family Court's judgment.

(2) The parties, who both originally resided in Delaware, are the parents of a child born in 2012 ("Child"). They have litigated Child's custody since 2014. In

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

April 2018, the Family Court entered a stipulation and consent order establishing a shared custody and shared placement arrangement for Child.

(3) In early 2019, Mother moved to Arizona, prompting the parties to file multiple petitions regarding where Child should reside. In a July 24, 2019 order, the Family Court concluded that Child had strong ties to Delaware and it was in Child's best interest for the parties to have joint legal custody. The court therefore awarded Father primary placement of Child during the school year and awarded Mother primary placement of Child during the summer.

(4) A month later, Father sought emergency relief because Mother refused to return Child to Delaware. On August 27, 2019, the Family Court found Mother in contempt of the July 2019 order and fined her $100.00 a day until she returned Child to Father. Father went to Arizona and recovered Child in September. Father then filed a petition for a protection from abuse order based on Mother's failure to return Child to him. A Family Court Commissioner granted Father's petition. The Family Court affirmed the Commissioner's rulings that (i) Mother had committed acts of abuse, (ii) Father was entitled to sole legal custody of Child temporarily, and (iii) Mother was required to pay Father's travel expenses and attorney's fees.[2] The

---

[2] This Court affirmed the Family Court's judgment. *Ward v. Taylor*, No. 80, 2020 (Del. Jan. 14, 2021) (Order).

2

parties stipulated to an interim visitation schedule allowing Mother to have supervised visitation with Child in Delaware.

(5) On October 15, 2020, the Family Court held a hearing on the parties' petitions to modify the July 24, 2019 custody order. In a December 17, 2020 decision and order, the court found that neither party satisfied the standard for custody modification under 13 *Del. C.* § 729(c)(1), which provides that the court will not grant a petition to modify custody filed within two years of a custody order that is entered after a hearing on the merits unless the court finds that continuing enforcement of the previous order may endanger Child's physical health or significantly impair Child's emotional development.

(6) In January 2021, Mother filed a petition to relocate Child to Arizona. In March 2021, Father filed a petition to modify custody. On March 8, 2021, the Family Court entered a stipulation and consent order providing that the parties would share joint legal custody of Child, Child would move to Arizona with Mother, and Mother would have primary residential basis placement on a temporary basis until Father moved to Arizona ("March 2021 Custody Order"). Once Father moved to Arizona, which Father anticipated would be in the fall of 2021, the parties would have shared residential placement of Child. Over the summer, Child could visit Father in Delaware at Mother's expense. The March 2021 Custody Order also

3

provided that the parties would share information and discuss decisions concerning Child and provide each other with written notice of any change in their address.

(7) On June 29, 2022, Father filed a petition for a rule to show cause as to why Mother should not be held in contempt of the March 2021 Custody Order. He alleged that Mother had failed to allow Child to travel to Delaware and failed to disclose financial fraud that impaired Father's financials and prevented him from moving to Arizona. On July 13, 2022, Father filed a motion for an emergency *ex parte* order modifying the March 2021 Custody Order. He alleged that Mother had refused to provide her new address and was not allowing Father visitation with Child. Father sought sole custody and placement of Child with him in Delaware.

(8) On July 28, 2022, the Family Court held a hearing on Father's motion for an emergency *ex parte* order. The court called Mother so she could participate in the hearing. Mother stated that she had received the rule to show cause petition, but not the petition to modify custody. She denied refusing to provide Father with her address and provided the court with an address in Avondale, Arizona ("Avondale Address"). She said she resided at the Avondale Address, temporarily moved to an address in Phoenix, Arizona ("Phoenix Address"), and then moved back to the Avondale Address. Father disputed that Mother lived at the Avondale Address. The judge warned Mother that if she was providing the court with false information she would be held in contempt. After Father submitted text messages in which Mother

refused to give him her address and said he could find it himself, the Family Court advised her that was unacceptable. The Family Court entered an order summarizing the hearing and directing normal scheduling of Father's petition to modify custody.

(9) On January 12, 2023, Mother filed a motion to keep her address confidential in the rule to show cause and custody modification proceedings. In that petition, she provided a new address in Tempe, Arizona ("Tempe Address"). The Family Court denied the motion for the reasons stated at the July 28, 2022 hearing. Although Mother had listed the Tempe Address as her address, she provided the Avondale Address as her address in subsequent filings.

(10) A case management conference in the rule to show cause and custody modification proceedings was scheduled for March 1, 2023. On February 22, 2023, Father filed a motion for an emergency *ex parte* order, alleging that Mother was mistreating Child and causing Child to miss school frequently. Mother participated in the case management conference by telephone. During the conference, she denied receiving Father's motion for emergency relief, requested delivery of the motion by mail instead of by email, and identified the Avondale Address as the correct address for her and Child. The Family Court scheduled a hearing on Father's rule to show cause and custody petitions for June 22, 2023.

(11) After Father's counsel raised the request for emergency relief and questioned whether Mother had in fact identified the correct address, the Family

5

Court discovered that Mother was no longer participating in the hearing. The Family Court awarded Father temporary custody of Child and scheduled a hearing to be held by Zoom for March 10, 2023. The Family Court issued a written order awarding Father temporary custody of Child and scheduling the March 10, 2023 and June 22, 2023 hearings.

(12) On March 10, 2023, the Family Court held the hearing on Father's request for emergency relief. Mother, who claimed that she could not attend by Zoom, participated by telephone. When Mother testified, she refused to answer questions from Father's counsel and the judge regarding where she resided with Child. She ended the call when asked about Child's frequent absences from school. The court issued an order finding Mother in contempt for refusing to answer questions and leaving the hearing without leave of court. As a sanction, the Family Court ordered that Mother appear in person for future hearings. The Family Court also granted Father sole custody and placement of Child with Mother to have supervised visitation in Delaware.

(13) Mother filed a request to participate remotely in the June 22, 2023 hearing. She alleged that she was unable to travel to Delaware and had not intentionally left the March 10, 2023 hearing. On April 11, 2023, the Family Court denied Mother's request. On April 12, 2023, Mother filed an answer to Father's

6

request for emergency relief and modification of custody. She asserted defenses for improper service and lack of jurisdiction based on Child living in Arizona.

(14) On May 2, 2023, the Family Court granted Father's petition for a protection from abuse order based on Mother's actions since the March 10, 2023 hearing, which included refusing to answer Father's calls and texts and withdrawing Child from school. Mother filed a notice of appeal in this Court. On June 21, 2023, Mother filed a motion for continuance of the June 22, 2023 hearing based on lack of jurisdiction, improper service, and the pending appeal in this Court.

(15) Mother failed to appear for the June 22nd hearing. Because the March 8, 2021 Custody Order Father sought to modify was a consent order, the Family Court directed Father to address the best-interest factors under 13 *Del. C.* § 722 as required for modification of a consent custody order under 13 *Del. C.* § 729(b). Father testified about his desire for sole custody of Child; his concerns regarding Mother's care of Child, including her withdrawal of Child from school; Mother's failure to provide her address and information about Child; and Mother's violations of the March 2021 Custody Order. On July 6, 2023, the Family Court issued a written order reviewing the best-interest factors and awarding Father custody and placement of Child. The Family Court granted Mother four weeks of visitation during the summer and one week of visitation during the winter. The Family Court

also found Mother in contempt of court orders requiring her to yield placement of Child, but did not impose any sanction. This appeal followed.

(16) This Court's review of a Family Court decision includes a review of both the law and the facts.[3] Conclusions of law are reviewed *de novo*.[4] Factual findings will not be disturbed on appeal unless they are clearly erroneous.[5]

(17) On appeal, Mother's arguments may be summarized as follows: (i) the Family Court lacked jurisdiction to hear Father's petitions; (ii) there was improper service; and (iii) Father committed perjury. All these claims are based on Mother and Child living in Arizona. This Court rejected similar jurisdictional and service arguments in affirming the Family Court's May 2, 2023 protection from abuse order.[6]

(18) Under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), the Family Court made the initial determination of Child's custody and had "exclusive, continuing jurisdiction" over Child's custody until a Delaware court determined that "neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this State and that substantial evidence is no longer available in this state concerning the child's care,

---

[3] *Mundy v. Devon,* 906 A.2d 750, 752 (Del. 2006).
[4] *Id.*
[5] *Id.*
[6] *Ward v. Taylor*, 2024 WL 78620, at *2 (Del. Jan. 5, 2024).

protection, training, and personal relationships."[7]  In other words, the Family Court retained jurisdiction after making the initial custody determination as long as there was a significant connection with Delaware or there was substantial evidence concerning Child in Delaware.[8]

(19) Although Mother moved from Delaware to Arizona in 2019, Father has resided in Delaware continuously.  Child has spent most of her life in Delaware.  Child's maternal grandmother and maternal aunts also reside here.  Mother emphasizes that Child moved to Arizona in 2021, but Child's residence in that state over the last year arose from Mother's repeated disregard of Family Court orders requiring her to return Child to Delaware.[9]  Based on the foregoing, there is a significant connection with Delaware, and the Family Court has exclusive, continuing jurisdiction over custody of Child.

(20) Other than stating that she has lived in Arizona since 2019, Mother does not explain her conclusory assertion of improper service.  Under the UCCJEA, "[n]otice required for the exercise of jurisdiction when a person is outside this State

[7] 13 *Del. C.* § 1921(a)(1).
[8] *See, e.g., Ward*, 2024 WL 78620, at *2 (describing the Family Court as having jurisdiction under the UCCJEA after making the initial custody determination as long as there is a significant connection with Delaware); *State v. Winegar*, 893 N.W.2d 741, 747 (N.D. 2017) (concluding that it was unnecessary to determine whether there was substantial evidence in North Dakota because Child had a significant connection with North Dakota).
[9] *See, e.g., Cortez v. Cortez*, 639 S.W.3d 298, 309 (Tex. App. 2021) ("[I]n determining whether the children have a significant connection to Texas, we cannot ignore evidence of Veronica's continuous disregard of the divorce decree and her thwarting of Hector's rights to have the children visit him in Texas.").

may be given in a manner prescribed by the law of this State for service of process" and "may be [made] by publication in print or on a legal notices website established by the Court if other means are not effective."[10] Under 10 *Del. C.* § 3104(d), a nonresident may be served by any form of mail requiring a signed receipt or as directed by the court.

(21) According to the Family Court docket, the summons for the rule to show cause petition was returned as not delivered to Mother's Phoenix Address. At the July 28, 2022 hearing, however, Mother stated that she had received the petition. On December 13, 2022, Father filed an affidavit of unknown address for Mother and requested service by publication on the Family Court's legal notices website. On December 19, 2022, the Family Court posted notice of the rule to show cause petition on its legal notices website. As to the petition for custody modification, the Family Court record includes the summons with the certified mail receipt signed by Mother on August 29, 2022. The certified mail green card was addressed to the Phoenix Address, but was ultimately delivered to the Tempe Address. Mother therefore has not shown that service of the petitions was improper.

(22) Finally, Mother contends that Father committed perjury. Mother does not identify the alleged perjury, but seems to suggest that Father committed perjury by filing petitions in Delaware while she lived with Child in Arizona and by planning

---

[10] 13 *Del. C.* § 1908(a).

10

to move for enforcement of the Family Court orders in Arizona. This does not constitute perjury. As previously discussed, the Family Court had exclusive, continuing jurisdiction over Child's custody under the UCCJEA.[11] Arizona also has enacted the UCCJEA so a party may seek registration and enforcement of a child custody order issued by a Delaware court in Arizona.[12]

In sum, we conclude that none of Mother's claims on appeal has merit. NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[11] *See supra* ¶¶ 18–19.
[12] Ariz. Rev. Stat. Ann. §§ 25-1055, 25-1056, 25-1058.